## NEFF v KESTER

Ohio Appeals, 9th Dist, Summit Co

No 2801. Decided March 4, 1937

Stephen J. Wozniak, Akron, and James M. Hinton, Akron, for appellee.

Musser, Kimber & Huffman, Akron, for appellant.

## OPINION

By STEVENS, PJ.

At about 2 o'clock P. M. on November 6, 1933, plaintiff was riding as a passenger in an automobile driven by her son. Said car was proceeding in a southerly direction upon a thoroughfare known as Firestone Parkway, which is an improved public street in the city of Akron, extending in a general northerly and southerly direction, and which consists of two paved traffic lanes, each of which is 20 feet in width, separated by a parkway strip 30 feet in width. Said Firestone Parkway is intersected at approximately right angles by Emerling Avenue—another public thoroughfare in the city of Akron. Both of said thoroughfares are in what may be termed a residential district. Firestone Parkway is a straight thoroughfare and approximately level at the situs of its intersection with Emerling Avenue, which latter street, improved by cindering, is 30 feet in width, and extends in a general easterly and westerly direction.

On said afternoon one of the coal trucks belonging to the appellant was being operated by an agent and servant of the appellant in a northerly direction on the east side of Firestone Parkway, and when said truck reached the intersection of said parkway with Emerling Avenue it made a left turn to proceed in a westerly direction on Emerling Avenue. As said truck approached the south bound traffic lane of Firestone Parkway, the evidence shows its progress to have been of a jumping, jerking nature, and the evidence further justifies the conclusion that before coming to a stop the fore part of said truck projected 4 feet into said south bound traffic lane of Firestone Parkway.

The car in which plaintiff was riding, proceeding from the north in a southerly direction, approached the intersection of said Emerling Avenue and Firestone Parkway from the right of the truck of the appellant. The driver of said car, apparently believing that the truck of the appellant was not going to stop and accord to the automobile in which plaintiff was riding the right of way, veered said car sharply to the right and applied the brakes thereon, stopping said car at the southwest corner of said intersection on the cinder surface of Emerling Avenue, after passing said truck without colliding therewith. As a result thereof, plaintiff was thrown from the back seat of said car in which she was riding in such manner as to sustain injuries, which injuries from the basis of the claim for damages which is asserted in this case.

Trial to a jury resulted in a verdict in favor of plaintiff for $1,500, upon which judgment was thereafter entered. Appeal on questions of law brings the matter into this court for review.

Four assignments of error are urged by the appellant, as follows:

1. Error in the admission of evidence.
2. Error in giving plaintiff's written request to charge number 4.
3. Error in the general charge of the court.
4. That the verdict and judgment are manifestly against the weight of the evidence.

The first assignment of error has to do with the claimed presentation of a portion of plaintiff's evidence from sketches and marks placed upon a blackboard in the trial court, which blackboard is not appended to the record in this court, and which it is claimed resulted in confusing and misleading the jury, because said sketches were of such inaccuracy and uncertainty as to have been highly prejudicial to the rights of the appellant.

We have read the record in connection therewith, and we find that, without having before us the sketches to which appellant alludes, we are able to comprehend and understand the testimony concerning

which complaint is made, and that the record in connection with said ▓▓▓▓▓▓▓ testimony is clear and understandable. We therefore conclude that the use of said sketches did not constitute prejudicial error.

The error of which appellant makes most serious complaint is the admission of certain evidence of appellee, claimed to have been offered to impeach the testimony of Earl Warren, the driver of the appellant's truck at the time of the occurrence in question. The record discloses the following in connection therewith:

In appellee's case in chief, the driver of the automobile in which appellee was riding was asked whether or not he had a conversation with the driver of the appellant's truck (Earl Warren) immediately after the occurrence, to which question he responded that he had. He was then asked to relate said conversation, whereupon objection was interposed, which objection was sustained by the trial court.

In appellant's case in chief, Earl Warren was called for examination by the appellant and was asked by appellant's counsel whether or not he had had a conversation with the driver of the automobile in which appellee was riding, to which question he responded that he had. He was then requested to relate that conversation, which he did, and he concluded with the assertion that his said recital contained all of the conversation.

Upon cross-examination of said Earl Warren by counsel for appellee, he was asked whether he had not said to the driver of the automobile in which appellee was riding, as a part of the conversation which he had theretofore related, "I am sorry, I could not help it"; and Warren, in answer, denied making such statement. Whereupon, in rebuttal, appellee called Mr. Louis Neff, the driver of the automobile in which appellee was riding, and the following proceedings were had:

"Q. Mr. Neff, I will ask you whether or not you recall the conversation that you had with the driver of the Kester truck; you can answer that by 'yes' or 'no.'

A. I recall it.

Q. And did he or did he not say to you, 'I am sorry, I couldn't help it'?

A. He did.

Mr. Kimber: I object to that.

The Court: Ladies and Gentlemen of the jury: The court will limit this testimony solely to the question of the challenging of the credibility of the witness Warren, and I will say to you that any statements made by the witness Warren would not be binding upon the defendant in this action, and that the only purpose of admitting or permitting the testimony with respect to what he said is to challenge the correctness or tending to challenge the correctness of his testimony, or his accuracy as to his testimony, and not for any other purpose.

The Court: The witness may answer.

Mr. Kimber: He has answered.

The Court: The answer may stand.

Mr. Kimber: Exception."

It is claimed by appellant that said evidence was not competent, was highly prejudicial to the rights of appellant, and that the direction of the court to the jury as to why such evidence might be considered by the jury was likewise erroneous and prejudicial. In support of that contention, Cotton v Klein, 123 Oh St 440, Neisner Bros. v Schafer, 124 Oh St 311, and Weaver v Industrial Commission, 125 Oh St 465, are relied upon.

It will be observed that in each of said cases the question under consideration involved the propriety of admitting the declarant's opinion as to the blame for the injury which was the basis for the suit therein, and in each case the court in effect stated that the declaration of an eye witness not a party to the suit that the accident was caused by the fault of the defendant or conversely not by the fault of the defendant, is but the expression of an opinion upon an ultimate issue to be determined by the jury, and as such is inadmissible and its admission constitutes prejudicial error. This court, however, is of the opinion that those cases are not determinative of the question presented herein.

The statement alleged to have been made by Warren was an ambiguous statement susceptible of being construed to mean "I am sorry, I could not help the accident, it was not my fault," or to mean "I am sorry, I couldn't help the accident, it was my fault." Which construction was intended is not plain from the wording of the answer, and it will be observed that said statement, in and of itself, is not the expression of an opinion by one not a party to the suit as to whose negligence caused said collision, or who was to blame therefor.

It is claimed by appellee that the admission of the conversation between Warren and Neff upon interrogation by appellant's counsel was the admission of evidence upon an immaterial or irrelevant matter—to-wit, a collateral issue, and that when such

evidence was admitted it was proper for the court to admit similar evidence to rebut the evidence so improperly admitted upon appellant's case in chief; and "It has frequently been held that where inadmissible or immaterial or irrelevant evidence has been admitted in behalf of one party, similar evidence may be admitted to rebut it, and where part of an act or declaration is given in evidence by one party, the other party is entitled to inquire into the whole" (McLaughlin v State, 20 C.C. (N.S.) 492, at p. 496). So here the claim is made that, inasmuch as Warren did not give the entire conversation which is claimed to have taken place after the occurrence in question, appellee was entitled to bring before the jury the whole of said conversation.

"It is said by Jones in the first volume of his Law of Evidence, §169, that the reason for this rule is, that it would be manifestly unjust, if one party is permitted to introduce irrelevant testimony, to prevent the other party from rebutting or explaining it. So it seems to us, though some courts have held that the introduction of immaterial evidence to meet immaterial evidence is within the discretion of the trial judge. Treat v Curtis, 124 Mass. 348; Fushbush v Goodwin, 25 N. C. 425."

McLaughlin v State, supra, at p. 496.

Assuming, however, that the admission of said evidence, under the circumstances disclosed by the record herein, ▮▮▮▮ was erroneous, we hold that its admission did not constitute prejudicial error warranting a reversal of the judgment herein.

We have carefully examined plaintiff's written request to charge No. 4, and we are of the opinion that, as applied to the evidence adduced in this case, the trial court did not err in giving said charge before argument.

We have also carefully examined the charge of the trial court, and while said charge is not in accord with the generally accepted form of charges given by trial courts in this state, we find no prejudicial error therein in the respects urged by the appellant. However, as stated in 13 Stand. Proc 805, quoted in Miller v P. & S. F. Ry. Co., (Texas), 35 SW (2d) 194, at p. 202, we are of the opinion that in preparing charges "the better practice is to follow settled precedents. It is al-

Headnote 3.   ways safer to lay down familiar rules in language universally adopted and approved than to under-

take to give a new version in more doubtful language. So even though the trial judge as an original matter may be able to state a rule of law more concisely and in language more easily understood by the ordinary juror, such departures are to be avoided."

We are of the opinion that the verdict and judgment are not manifestly against the weight of the evidence.

The judgment of the trial court will accordingly be affirmed.

WASHBURN and DOYLE, JJ, concur in judgment.